**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Christina Romano, | : | Civil Action |
| | : | |
| Plaintiff | : | No. 1:25-cv-13094-CPO-MJS |
| | : | |
| v. | : | **Motion Date: April 6, 2026** |
| | : | |
| Kennedy University Hospital, Inc. | : | |
| d/b/a Jefferson Health New Jersey, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO ADD
THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC., D/B/A
JEFFERSON HEALTH – EASTERN REGION BACK IN AS A NAMED
DEFENDANT AND TO AMEND THE CASE CAPTION**

Plaintiff Christina Romano submits the following Memorandum of Law in Support of Plaintiff's Motion for Leave to File Amended Complaint to Add Thomas Jefferson University Hospitals, Inc. d/b/a Jefferson Health – Eastern Region Back In as a Named Defendant and to Amend the Case Caption. Plaintiff's proposed First Amended Complaint is attached as **Exhibit P-1**. A redline of the proposed First Amended Complaint is attached as **Exhibit P-2**.

## I.     Background

On June 11, 2025, Plaintiff filed her Complaint in the Superior Court of New Jersey naming Thomas Jefferson University Hospitals, Inc. d/b/a Jefferson Health – Eastern Region ("TJUH") as the sole defendant. Plaintiff served TJUH.

1

On June 10, 2025, TJUH filed a Notice of Removal with the Superior Court of New Jersey.

Through counsel, TJUH advised Plaintiff that the correct defendant was not TJUH but rather Kennedy University Hospital, Inc. d/b/a Jefferson Health New Jersey ("JHNJ"). Based on that representation, the parties entered into a Stipulation and Proposed Order (approved by this Court at ECF No. 6) substituting JHNJ as the defendant and terminating TJUH. In that Stipulation, Plaintiff expressly preserved her right to move to amend the Complaint to add TJUH back in should discovery support TJUH being named a defendant for the claims pled in the Complaint. The parties further agreed that, for the limited purpose of such a motion, the statute of limitations is tolled during the pendency of this civil action. [ECF No. 6, ¶ 3].

On March 2, 2026, the parties filed a Stipulation extending Plaintiff's deadline to file the motion to add TJUH back in until March 9, 2026. [ECF No. 29]

Defendant deposed Plaintiff on February 5 and 12, 2026. Plaintiff deposed Defendant's 30(b)(6) designee, Dr. David May, on February 26, 2026. The deposition testimony of Dr. May (and Plaintiff's consistent testimony), together with Defendant's own organizational charts and the March 11, 2024 job description for the new Director of Patient Experience and Guest Services position, now confirm that TJUH (the Enterprise) exercised control over Plaintiff's employment,

maintained enterprise-wide policies that governed her work, and directed the restructuring that gives rise to her CEPA, LAD, and FMLA claims.

Plaintiff's proposed First Amended Complaint adds no new claims or theories of liability—it simply restores TJUH as a named defendant consistent with the parties' original Stipulation. The amendment will not delay trial or prejudice any party.

## II. Legal Argument

### (a) Plaintiff Should Be Permitted To File A First Amended Complaint To Add TJUH Back In As A Defendant

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." *See also Newark Branch, NAACP v. Town of Harrison*, 907 F.2d 1408, 1417 (3d Cir. 1990). Leave may be denied only upon a showing of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Prejudice to the non-moving party is "the touchstone for the denial of an amendment." *Id.*

Here, there is no undue delay or bad faith. Plaintiff filed this motion at the earliest possible time after completing Plaintiff's and the 30(b)(6) designee's depositions and within the deadline expressly extended by the parties' Stipulation

3

(ECF No. 29). Plaintiff has not previously sought to re-add TJUH; the right was expressly preserved in the original Stipulation (ECF No. 6).

There is no prejudice to TJUH or JHNJ. TJUH was the original named and served defendant. It has been on notice of the claims since the Complaint was filed. The same counsel represents both entities. The depositions, organizational charts, and job description already covered the Enterprise structure, policies, and decision-making. No additional discovery or trial delay will result.

The amendment is not futile. New Jersey recognizes joint or co-employer liability under both the LAD and CEPA. New Jersey courts apply the test set forth in *Pukowsky v. Caruso*, 312 N.J. Super. 171 (App. Div. 1998) and refined in *D'Annunzio v. Prudential Ins. Co. of America*, 192 N.J. 110 (2007), which examines twelve factors, with particular emphasis on the employer's right to control the means and manner of the worker's performance, the worker's economic dependence on the relationship, and the degree of functional integration of the worker's services into the employer's business. *See also Carroll v. Sunrise Detox Cherry Hill, LLC*, 2020 U.S. Dist. LEXIS 130126, at *8-11 (D.N.J. July 22, 2020) (applying *D'Annunzio* test to determine joint employer liability under the NJLAD). Joint employment also arises when two or more entities exert significant control over the same employees and share in the determination of essential terms and conditions of employment. *Plaso v. IJKG, LLC*, 553 F. App'x 199, 204 (3d Cir. 2014).

4

Courts have also developed tests for assessing single and joint employer relationships specific to Title VII and NJLAD claims. The single employer test "rests on the degree of operational entanglement -- whether operations of the companies are so united that nominal employees of one company are treated interchangeably with those of another." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 87 (3d Cir. 2003); *see also Laurora v. Bayer Healthcare LLC*, No. 16-cv-09041, 2018 U.S. Dist. LEXIS 125406, at *8-9 (D.N.J. July 26, 2018). New Jersey courts additionally apply the four-factor integrated enterprise test, under which courts consider whether the various companies share common ownership or financial control, common management, an interrelation of operations, and centralized control of labor and employment decisions. *DeRosa v. Accredited Home Lenders, Inc.*, 420 N.J. Super. 438, 464 (App. Div. 2011). No single factor is dispositive, but control over labor relations is particularly significant.

Under the FMLA, joint-employer liability is governed by 29 C.F.R. § 825.106, which provides that two or more businesses are joint employers "where two or more businesses exercise some control over the work or working conditions of the employee." *See* 29 C.F.R. § 825.106(a); *see also Carroll v. Sunrise Detox Cherry Hill, LLC*, 2020 U.S. Dist. LEXIS 130126, at *12-13 (D.N.J. July 22, 2020).

Dr. May's 30(b)(6) testimony, Defendant's own organizational charts (color-coded to show Enterprise vs. Divisional functions), and the March 11, 2024 job description for the new Director of Patient Experience and Guest Services position (expressly labeled "Enterprise" with support from the Enterprise Chief Experience Officer) establish that TJUH satisfies these factors. These materials directly support the allegations in the proposed First Amended Complaint that TJUH directed the restructuring of patient experience and guest services functions, maintained enterprise-wide policies governing Plaintiff's employment, and exercised control over her employment. *See* Proposed First Amended Complaint, ¶¶ 50-56 (Exhibit P-2). This is more than sufficient to plead joint-employer liability. The amendment is therefore not futile.

### (b) The Amendment Is Also Preserved By The Parties' Stipulation And Tolled Statute Of Limitations

Even if relation back under Rule 15(c) were required, the parties' original Stipulation (ECF No. 6, ¶ 3) expressly preserved Plaintiff's right to add TJUH and tolled the statute of limitations "during the pendency of this civil action" for this limited purpose. The claims against TJUH arise from the identical conduct set forth in the original Complaint. TJUH received notice when it was originally served and has participated through the same counsel. There is no prejudice.

6

### (c) The Case Caption Should Be Amended To Add TJUH Back In As A Named Defendant

Federal Rule of Civil Procedure 10(a) requires that the title of the complaint name all parties. Because discovery now supports TJUH as a proper joint employer, the caption should be amended to restore Thomas Jefferson University Hospitals, Inc. d/b/a Jefferson Health – Eastern Region as a defendant.

## III.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order granting leave to file the First Amended Complaint attached as Exhibit P-1 and directing the Clerk to amend the case caption to include Thomas Jefferson University Hospitals, Inc. d/b/a Jefferson Health – Eastern Region as a named defendant.

Respectfully submitted,

Dated: March 9, 2026

/s/ Stephanie J. Mensing
Stephanie Mensing
NJ Bar No. 010752002
Mensing Law LLC
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-586-3751; 215-359-2741 (fax)
stephanie@mensinglaw.com

Attorney for Plaintiff

7