**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Christina Romano, | : | Civil Action |
| | : | |
| Plaintiff | : | No. 1:25-cv-13094-CPO-MJS |
| | : | |
| v. | : | |
| | : | |
| Kennedy University Hospital, Inc. | : | |
| d/b/a Jefferson Health New Jersey, | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT TO ADD THOMAS JEFFERSON UNIVERSITY
HOSPITALS, INC., D/B/A JEFFERSON HEALTH – EASTERN REGION
BACK IN AS A NAMED DEFENDANT AND TO AMEND THE CASE
CAPTION**

Plaintiff respectfully submits this Reply in further support of her Motion for Leave to File a First Amended Complaint adding the Jefferson Enterprise entity back in as a named defendant. Defendant's Opposition raises a single objection—futility—and does not argue delay, bad faith, or prejudice. As set forth below, the proposed First Amended Complaint plausibly states a claim against the Enterprise entity, and Defendant's own documents and Rule 30(b)(6) testimony confirm it.

1

## I.    Legal Argument

### (a) Defendant Applies the Wrong Standard

Defendant invokes the Rule 12(b)(6) standard—then abandons it. The cases on which they principally rely, *Ayala v. Tasty Baking Co.* and *Cassidy v. Consol Energy, Inc.*, were decided on the pleadings. Yet Defendant submits a declaration and handpicked exhibits and ask the Court to weigh that evidence against the proposed pleading. That is an attempt to convert a Rule 15 motion into a summary-judgment motion, and it should be rejected.

### (b) The Proposed First Amended Complaint Plausibly Pleads Joint, Single, and Integrated-Employer Liability

To state a claim against the Enterprise entity under the NJLAD, CEPA, or the FMLA, Plaintiff need only plausibly allege that it shared with Kennedy University Hospital, Inc. d/b/a Jefferson Health New Jersey ("JHNJ") the power to control the conditions of her employment. *Pukowsky v. Caruso*, 312 N.J. Super. 171, 182-84 (App. Div. 1998); *D'Annunzio v. Prudential Ins. Co.*, 192 N.J. 110, 122-23 (2007); 29 C.F.R. § 825.106.

Plaintiff's proposed First Amended Complaint alleges, among other things, that:

- The "Director of Patient Experience and Guest Services" position was formally designated a "Jefferson Enterprise" role on a template captioned "Thomas Jefferson University & Jefferson Health";

- The "Director of Patient Experience and Guest Services" role was supervised by the Regional Chief Clinical Officer "with support from the Enterprise Chief Experience Officer";

- While Plaintiff "was on FMLA leave, Maribeth Pierlott was selected for this new Enterprise-level position and Defendant announced Pierlott as new Director of Patient Experience and Guest Services;"

- Plaintiff "was informed that, upon her return from FMLA leave, she would report to Pierlott."

- The Enterprise "employed key decision-makers who exercised control over Plaintiff's day-to-day employment activities and the adverse actions at issue";

- Jefferson's Enterprise-wide FMLA, EEO, Non-Discrimination, and Code-of-Conduct policies governed her employment;

- The Enterprise "directed and controlled organizational restructuring and patient-experience/guest-services functions across the New Jersey hospitals, including the changes that affected Plaintiff's Regional Director role"; and

- The Enterprise maintained human resources oversight of Plaintiff's position.

[ECF No. 30-3, ¶¶ 38-40, 50-56].

Those allegations, accepted as true, easily clear the plausibility threshold. Because futility is measured by the Rule 12(b)(6) standard, *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010), the Court does not weigh competing evidence or resolve factual disputes at this stage. Defendant's disagreement with them is a merits dispute for another day, not a basis to deny leave to amend.

### (c) Defendant's Own Evidence Supports Adding the Enterprise Entity

Although the Court need not look beyond the pleadings, Defendant's own documents and testimony undercut their futility argument.

The Director of Patient Experience & Guest Services Job Description is captioned "Job Description Template for Thomas Jefferson University & Jefferson Health." [ECF No. 38-1 (Def. Ex. B, p. 16)]. It lists the Division as "Enterprise." [*Id.*]. It provides that the incumbent reports to the "Regional Chief Clinical Officer with support from the Enterprise Chief Experience Officer." [*Id.*]. And it describes the role's function as aligning patient experience across Jefferson Health. Defendant's Declaration characterizes this document as "focused on JHNJ" with "no reference" to TJUH [ECF No. 38-1 (Def. Ex. 2, May Decl. ¶ 10)], but the document speaks for itself.

The organizational charts [ECF No. 38-1 (Def. Ex. A); Exhibit P-3] are internal Jefferson documents color-coded to distinguish "Enterprise" from

Divisional (regional) entities. [1] The Jefferson-branded FMLA Policy, Non-Discrimination Policy, EEO Policy, and Code of Conduct—all produced by Defendants and all governing Plaintiff's employment—speak on behalf of "Jefferson" as a unified Enterprise and show applicability as "Jefferson Enterprise-Wide." [Exhibits P-4 through P-7].

Dr. May's binding Rule 30(b)(6) testimony tells the same story. He confirmed that the Non-Discrimination, EEO, Code of Conduct, and Legal Hold policies were all "Enterprise-wide" and that "Enterprise-wide policies apply to all TJU employees and JNJ employees." [Exhibit P-8 (May 30(b)(6) Tr. at 22:24-25:19)]. He testified that Maribeth Pierlott sought existing job descriptions in part "to see if those job descriptions align with other jobs in the division, other jobs in the Enterprise." [Exhibit P-8 (May 30(b)(6) Tr. at 76:7-9)]. An internal email from JHNJ's own HR representative stated: "We need to push on the enterprise so that we are aligned," and Dr. May agreed the "Enterprise" referred to TJU. [Exhibit P-8 (May 30(b)(6) Tr. at 81:2-9)]. Talking points for Plaintiff's return from FMLA leave noted that her "[t]itle [was] not yet finalized, work [to] be done at the Enterprise level." [Exhibit P-8 (May 30(b)(6) Tr. at 85:5-13)]. Dr. May described Lisa Satteson as "a TJU or Enterprise-level human resources executive" [Exhibit P-8 (May 30(b)(6) Tr. at

---

[1] Since the organizational charts attached to Defendant's opposition are difficult to read, Plaintiff is attaching the organizational charts as **Exhibit P-3**.

5

89:21-25)], and when Plaintiff resigned, Dr. May forwarded her resignation to Dwight McBee "for his awareness since he was the TJU Enterprise patient experience chief." [Exhibit P-8 (May 30(b)(6) Tr. at 106:14-107:1)].

These admissions establish pervasive Enterprise involvement in the terms and conditions of Plaintiff's employment and foreclose any finding of futility as a matter of law.

### (d) Defendant's Opposition Identifies the Correct Enterprise Entity

Defendant's Opposition and the May Declaration have clarified the Jefferson corporate structure in a way that was not apparent when Plaintiff filed this motion. Dr. May confirms that "the Jefferson Enterprise refers to TJU," *i.e.*, Thomas Jefferson University, and that TJU sits atop the corporate chain that includes both Thomas Jefferson University Hospitals, Inc. ("TJUH") and JHNJ as subsidiaries. [ECF No. 38-1 (Def. Ex. 2, May Decl. ¶¶ 5-6)]. Dr. May's Rule 30(b)(6) testimony is consistent: he confirmed that "the Enterprise" and "Thomas Jefferson University" are interchangeable [Exhibit P-8 (May 30(b)(6) Tr. at 15:10-13)], that TJU is "the overarching company" [*Id.*], and that TJU employed the Enterprise-level personnel—including the legal department [*Id.* at 22:11[, Lisa Satteson [*Id.* at 89:24–25], and Dwight McBee [*Id.* at 19:17-20]—whose involvement in Plaintiff's employment is alleged in the First Amended Complaint.

Plaintiff's Motion sought to re-add the Jefferson Enterprise entity that exercised control over her employment. To the extent the proposed First Amended Complaint named the wrong subsidiary (Thomas Jefferson University Hospitals, Inc. instead of Thomas Jefferson University) within the Jefferson corporate family, Defendant's own filings have now identified the correct one. Plaintiff respectfully requests that, in addition to granting the motion, the Court permit Plaintiff to file a First Amended Complaint naming Thomas Jefferson University (instead of Thomas Jefferson University Hospitals, Inc.) as a defendant.

## II.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) grant Plaintiff's Motion for Leave to File a First Amended Complaint, and (2) permit Plaintiff to substitute Thomas Jefferson University for Thomas Jefferson University Hospitals, Inc. as the named enterprise defendant in the proposed First Amended Complaint, with no other changes to the pleading.

Respectfully submitted,

Dated: April 21, 2026

/s/ Stephanie J. Mensing
Stephanie Mensing
NJ Bar No. 010752002
Mensing Law LLC
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-586-3751; 215-359-2741 (fax)
stephanie@mensinglaw.com

Attorney for Plaintiff

7

## CERTIFICATE OF SERVICE

I, Stephanie J. Mensing, hereby certify that on April 21, 2026, a true and correct copy of Reply Memorandum in Further Support of Plaintiff's Motion for Leave to File First Amended Complaint to Add Thomas Jefferson University Hospitals, Inc., d/b/a Jefferson Health – Eastern Region Back In as a Named Defendant and to Amend the Case Caption was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the District of New Jersey and that I served the same via electronic filing upon all counsel of record.

Dated: April 21, 2026

/s/ Stephanie J. Mensing
Stephanie Mensing
NJ Bar No. 010752002
Mensing Law LLC
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-586-3751; 215-359-2741 (fax)
stephanie@mensinglaw.com

Attorney for Plaintiff

8